WILLIAM F. PUTNAM, Plaintiff, *v.* SYRACUSE NEWSPAPERS, INC., Defendant.

Supreme Court, Essex County, September 4, 1934.

*O'Connell Brothers*, for the plaintiff.

*Hancock, Dorr, Kingsley & Shove*, for the defendant.

LAWRENCE, J. This is a libel action. It was tried at the Elizabethtown term in April, 1934, and resulted in a verdict of $6,000 for the plaintiff, which was stated by the jury to be for compensatory damages.

Counsel now appear by consent to have the court determine whether the summation of plaintiff's counsel should be printed in the case on appeal, objection being made by the plaintiff's counsel. The summation of defendant's attorney was not taken. Rule 232 of the Rules of Civil Practice provides that the summation should not be included in a case on appeal unless ordered by the court. The particular ground urged by defendant is that the summation of plaintiff's counsel was inflammatory and emphasized documentary evidence of the minutes of a meeting of the village trustees of Saranac Lake for a purpose for which they were not received. No objection was made to the summation at the trial.

The article in question and claimed to be libelous was furnished to the defendant by its local reporter at Saranac Lake. It involved the discharge of the plaintiff from the village police force. One of the defenses urged was that the article was published without malice and upon its receipt from its reliable reporter who had investigated the truth of the published statement. The

minutes of the village meeting dealt with the reason for the discharge of the plaintiff and the evidence showed that the reporter (since deceased) was present at the village meetings. The minutes were received in evidence as bearing upon the question of the sources of information available to the reporter and were limited to such purposes.

Defendant urges that the minutes were improperly received and that plaintiff's counsel in his summation, as already suggested, used them for a purpose for which they were not intended. It would, therefore, seem that the only question presented on this application to print the summation would be to determine whether the summation improperly referred to the minutes of the meeting referred to, despite the fact that no objection to such a course was taken at the time. In that connection it should be noted that reference is made to the minutes of the meeting in the charge to the jury and to the statement that the receipt of the minutes of the meeting was limited to showing the sources of information which were available to the reporter as bearing on an award of punitive damages, none of which were found.

If the receipt in evidence of the minutes of the village meeting for the purpose indicated was error, that can be passed upon without the publication of the summation.

In view of the fact that summation of defendant's counsel was not taken and that no objection was made to the summation of plaintiff's counsel, now sought to be printed, the court decides that it would not be proper or necessary to print the summation sought.